| DISTRICT COURT, ADAMS COUNTY<br>STATE OF COLORADO<br><br>1100 Judicial Center Dr.<br>Brighton, CO 80601 | DATE FILED: October 16, 2014 3:37 PM<br>FILING ID: A18393113EDE1<br>CASE NUMBER: 2014CV31907 |
|---|---|
| Plaintiff: GARY MYNHEIR<br><br>v.<br><br>Defendants: SAMS WEST INC NO. 4745-BPPC/O WAL-MART PROPERTY TAX DEPT – MS 055, SAMS WEST INC NO. 4745-GASC/O WAL-MART PROPERTY TAX DEPT – MS 055, SAMS REAL ESTATE BUISNESS TRUST C/O PROPERTY TAX DEPARTMNET, SAM'S WEST, INC. a/k/a SAM'S CLUB STORE 4745 d/b/a SAM'S CLUB, and WAL-MART STORES, INC. d/b/a SAM'S CLUB, A DIVISION OF WAL-MART STORES, INC. | ▲ Court Use Only ▲ |
| *Attorney for Plaintiff*:<br>Lain A. Lawrence (#42762)<br>Cervantes Law Firm, LLC<br>13791 E. Rice, Suite 207<br>Aurora, CO 80015<br>Ph: 303.955.1154<br>Fx: 303.993.2186<br>Email: lain@cervanteslaw.us | Case Number:<br><br>Div:<br><br>Ctrm: |

## COMPLAINT

Gary Mynheir ("Plaintiff"), by and through his attorneys, Lain A. Lawrence, submits this Complaint against Sam's West Inc. No. 4745-BPPC/o Wal-Mart Property Tax Dept – MS 055, Sam's West Inc. No. 4745-GASC/O Wal-Mart Property Tax Dept – MS 055, Sam's Real Estate Business Trust C/O Property Tax Department, Sam's West, Inc. a/k/a Sam's Club Store 4745 d/b/a Sam's Club, and Wal-Mart Stores, Inc. d/b/a Sam's Club, a Division of Wal-Mart Stores, Inc. In support thereof, Plaintiff states and alleges as follows:

### JURISDICTION AND VENUE

1. This matter arises out of claims of negligence and premise liability occurring on October 21, 2012. (This event, as more fully described in ¶¶ 17-49 below, is referred to as the "Incident.")

2. The Incident occurred in Adams County, Colorado.

3. At the time of the Incident, Plaintiff resided at 8883 Colorado Boulevard Apartment G 102, Thornton, CO 80229.

4. At the time of the Incident, Sam's Real Estate Business Trust C/O Property Tax Department had a principal address of PO Box 8050 MS 0555, Bentonville, AR 72712.

5. Sam's Real Estate Business Trust registered agent is The Corporation Company with an address at 124 West Capitol Avenue Suite 1900, Little Rock AR, 72201.

6. At the time of the Incident, Sam's West Inc. No. 4745-GASC/O Wal-Mart Property Tax Dept – MS 055 had a principal address of PO Box 8050, Bentonville, AR 72712.

7. Sam's West Inc. No. 4745-GASC/O Wal-Mart Property Tax Dept – MS 055 is a foreign corporation whose registered agent is The Corporation Company whose address is 1675 Broadway Ste 1200, Denver, CO 80202.

8. At the time of the Incident, Sam's West Inc. No. 4745-BBPC/O Wal-Mart Property Tax Dept – MS 055 had a principal address of PO Box 8050, Bentonville, AR 72712.

9. At the time of the Incident, Sam's West Inc. No. 4745-BBPC/O Wal-Mart Property Tax Dept – MS 055 had a principal address of PO Box 8050, Bentonville, AR 72712.

10. At the time of the Incident, Sam's West, Inc. a/k/a Sam's Club Store 4745 d/b/a Sam's Club was a foreign corporation with a principal street address of 702 SW 8th Street, Bentonville, AR 72716 and a registered agent at 1675 Broadway Ste 1200, Denver, CO 80202.

11. At the time of the Incident, Wal-Mart Stores Inc. d/b/a Sam's Club, a Division of Wal-Mart Stores, Inc. was a foreign corporation with a registered agent at 1675 Broadway Ste 1200, Denver, CO 80202.

12. This Court has personal jurisdiction over the parties to this action because they are all residents of the state of Colorado.

13. This Court has personal jurisdiction over the parties to this action because they own property in the State of Colorado.

14. Pursuant to Colo. Const. Art. VI, § 9(1), this Court has subject matter jurisdiction over this matter since this Court has original jurisdiction in all civil cases.

15.  Pursuant to C.R.C.P. 98(c)(5), venue is proper in Adams County District Court because Defendants' negligent conduct and premise liability occurred in Adams County, Colorado.

## GENERAL ALLEGATIONS

16.  Plaintiff incorporates by reference all paragraphs set forth above.

17.  Plaintiff was struck by a motorized cart operated by an employee of Sam's Club on or around October 20, 2012.

18.  On October 20, 2012, Plaintiff visited Sam's Club Store 4745.

19.  Sam's Club Store 4745 is located at 9601 Grant St., Thornton, CO 80229.

20.  The property located at 9601 Grant St., Thornton, CO 80229 is owned by Sam's West Inc. No. 4745-BPPC/O Wal-Mart Property Tax Dept-MS 055.

21.  The property located at 9601 Grant St., Thornton, CO 80229 is owned by Sam's West Inc. No. 4745-GASC/O Wal-Mart Property Tax Dept.- MS 055.

22.  The property located at 9601 Grant St., Thornton, CO 80229 is owned by Sam's Real Estate Business Trust C/O Property Tax Department.

23.  The property located at 9601 Grant St., Thornton, CO 80229 is owned by Sam's West, Inc.

24.  The property located at 9601 Grant St., Thornton, CO 80229 is owned by Wal-Mart Stores, Inc. d/b/a Sam's Club, a Division of Wal-Mart, Inc.

25.  Plaintiff went to Sam's Club Store 4745 in order to buy items.

26.  Plaintiff required a motorized shopping cart to assist him in purchasing his items.

27.  Plaintiff completed his shopping and proceeded to exit the store.

28.  Plaintiff was traveling to his vehicle.

29.  Plaintiff's recipe was checked at the front door as he exited.

30.  Plaintiff request assistance loading his purchases into his vehicle.

31. A female associate came to the front of the store to assist him with his items.

32. Plaintiff drove the motorized cart to his vehicle.

33. Plaintiff parked the motorized cart near the back side driver's door of his vehicle.

34. The female associate loaded his purchases into his vehicle.

35. Plaintiff exited the motorized cart.

36. Plaintiff held the door to the passenger seat of his vehicle.

37. Plaintiff held the door with his right hand

38. The female associate took control of the motorized cart.

39. The female associate caused the motorized cart to move forward.

40. The motorized cart struck the Plaintiff.

41. Then, the motorized cart reversed.

42. The motorized cart struck Plaintiff again.

43. Then, the motorized cart moved forward again.

44. The motorized cart struck Plaintiff again.

45. While the motorized cart was in the possession of the female associate, it struck Plaintiff three times.

46. Plaintiff was injured as a result of the first impact.

47. Plaintiff was injured as a result of the second impact.

48. Plaintiff was injured as a result of the third impact.

49. As a direct and reasonably foreseeable result of the Incident, Plaintiff suffered multiple injuries, damages, and losses.

## FIRST CLAIM FOR RELIEF
### (PREMISE LIABILITY CLAIM AGAINST ALL DEFENDANTS)

50. Plaintiff incorporates by reference paragraphs 1-49 set forth above.

51. Each Defendant was a landowner of the Property at the time of the Incident, pursuant to C.R.S. § 13-21-115(1).

52. As a landowner, each Defendant owed Plaintiff a duty to exercise reasonable care with respect to dangers at the Property of which it knew or should have known.

53. Said duty is a non-delegable duty. Restatement (2d) of Torts, Section 422 (1965); *Springer v. City, County of Denver*, 13 P.3d 794 (Colo. 2000); *Reid v. Berkowitz*, 2013 COA 110.

54. Each Defendant breached its duty to Plaintiff by unreasonably failing to protect against the dangerous conditions of the property, which it knew or should have known had existed on the Property.

55. As a direct and reasonably foreseeable result of said unreasonable failure, Plaintiff has suffered and will suffer Injuries, including without limitation economic damages, non-economic damages, and physical impairment and disfigurement

## SECOND CLAIM FOR RELIEF
### (Negligence Claim against All Defendants)

56. Plaintiff incorporates by reference paragraphs 1-49 set forth above.

57. Each Defendant owed Plaintiff a duty of reasonable care.

58. Each Defendant breached said duty of reasonable care.

59. Each Defendant was negligent.

60. As a direct and reasonably foreseeable result of said breach, Plaintiff has suffered economic damages, non-economic damages, and damages for physical impairment and/or disfigurement.

## THIRD CLAIM FOR RELIEF
### (Respondent Superior Against Sam's West Inc d/b/a Sam's Club)

61. Plaintiff incorporates by reference paragraphs 1-49 set forth above.

62. Defendant Sam's West Inc. employed an employee.

63. The employee worked at the property located at 9601 Grant St., Thornton, CO 80229.

64. The employee's job included assisting patrons with their purchases to their vehicles.

65. The employee was acting within the course of her employment when assisting Plaintiff to his vehicle.

66. The employee was acting within the scope of her employment when assisting Plaintiff to his vehicle.

67. The employee owed a duty of reasonable care to Plaintiff.

68. The employee breached her duty.

69. The employee was negligent.

## FOURHT CLAIM FOR RELIEF
(Respondent Superior against All Defendants)

70. Plaintiff incorporates by reference paragraphs 1-49 set forth above.

71. Defendants employed an employee.

72. The employee worked at the property located at 9601 Grant St., Thornton, CO 80229.

73. The employee's job included assisting patrons with their purchases to their vehicles.

74. The employee was acting within the course of her employment when assisting Plaintiff to his vehicle.

75. The employee was acting within the scope of her employment when assisting Plaintiff to his vehicle.

76. The employee owed a duty of reasonable care to Plaintiff.

77. The employee breached her duty.

78. The employee was negligent.

79. Defendants are responsible for the negligence of their employee through the doctrine of respondent superior.

80. PLAINTIFF DEMANDS TRIAL BY JURY.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment for Plaintiff against Defendants, jointly and severely, and for all relief allowable by law, including but not limited to economic damages, non-economic damages, and damages for physical impairment and/or disfigurement, as well as interest, costs and attorneys' fees, and for any other relief that the Court deems just and proper.

Dated: October 15, 2014.

Cervantes Law Firm, LLC

*This pleading is filed electronically pursuant to C.R.C.P., 121 § 1-26. The original signed pleading is in counsel's file.*

By: /s/ *Lain A Lawrence*
Lain A. Lawrence, (#42762)
*Attorneys for Plaintiff*

Plaintiff's Address:
8883 Colorado Boulevard Apartment G 102
Thornton, CO 80229